## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JEFFREY LAKE DEVELOPMENT INCORPORATED, and MIDWAY WILDLIFE & RECREATIONAL CLUB,** | ) ) ) ) | |
| Plaintiffs, | ) ) | 7:05CV5013 |
| vs. | ) ) | REPORT AND |
| **CENTRAL NEBRASKA PUBLIC POWER & IRRIGATION DISTRICT,** | ) ) ) ) | RECOMMENDATION |
| Defendant. | ) | |

This matter comes before the court on the plaintiffs' Motion to Remand per 28 U.S.C. 1447 and Memorandum Brief in Support Thereof (Filing No. 6). The plaintiffs filed an index of evidence (Filing No. 7) in support thereof. The defendant filed a brief (Filing No. 9) opposing the motion but did not file an index of evidence. For the reasons set forth below, the court recommends[1] the plaintiffs' motion to remand be granted and the defendant be ordered to compensate the plaintiffs for actual expenses in the amount of $570.00 incurred as a result of the removal.

---

[1] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand under 28 U.S.C. § 636(b). **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517; **accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); and *Estate of Haag v. Hartford Life & Accident Ins. Co.*, 188 F. Supp. 2d 1135, 1136 (D. Minn. 2002). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

## BACKGROUND

This matter arises out of leases to the plaintiffs of land owned by the defendant. The plaintiff Jeffrey Lake Development Incorporated is a Nebraska non-profit corporation with its principal place of business at Jeffrey Lake, Lincoln County, Nebraska. Filing No. 1, p. 5. The plaintiff Midway Wildlife & Recreational Club is a Nebraska non-profit corporation with its principal place of business at Midway Lake, Dawson County, Nebraska. *Id.* The defendant is a Nebraska public corporation and political subdivision of the State of Nebraska with its principal place of business in Holdrege, Phelps County, Nebraska. *Id.* The defendant owns and operates the real property at issue in this case pursuant to a license for Hydroelectric Project No. 1417 issued by the Federal Energy Regulatory Commission (FERC). Filing No. 9, p. 1.

Attached to the defendant's Notice of Removal (Filing No. 1) is a copy of the plaintiffs' Third Amended Petition. This is the only copy of the Third Amended Petition filed with the court, and it is undated and unexecuted, and the proof of service at the end of the document is undated and unexecuted.[2] **See** Filing No. 1. The defendant states in the notice of removal that the Third Amended Petition was filed on June 20, 2005, in the Lincoln County District Court.[3] Filing No. 1, p. 1-2. In the Third Amended Petition, the plaintiffs pray for various temporary and permanent injunctions, the costs and expenses incurred in this action, and any other additional relief the court deems just. Filing No. 1, p. 13-14. There is no answer by the defendant as to the Third Amended Petition on file in this case.[4]

---

[2] The Third Amended Petition filed with the court follows a copy of the plaintiffs' May 18, 2005 Motion for Leave of Court to File Third Amended Petition, which was filed with the District Court of Lincoln County, Nebraska (Lincoln County District Court).

[3] The court notes that nowhere in the record is there evidence the Third Amended Petition was ever filed, let alone filed on June 20, 2005. Leaving aside the defendant's violation of the statutory procedure for removal, **see** 28 U.S.C. § 1446(a) (requiring a defendant to file its Notice of Removal "together with a copy of all process, pleadings, and orders served upon such defendant" in the case), the defendant should have supported such relevant factual assertion with evidence. NECivR 7.1(b)(2)(A) (requiring every factual assertion in an opposition brief to be supported by evidence).

[4] The plaintiffs provided to the court, as Plaintiffs' Exhibit 3, the defendant's answer to the "Amended Petition," with a Certificate of Service dated November 3, 2000. Neither party provided the court with a copy
(continued...)

On July 13, 2005, the defendant removed the matter to the United States District Court for the District of Nebraska pursuant to this court's federal question jurisdiction and 28 U.S.C. § 1446(b), paragraph 2.  **See** Filing No. 1, p. 1-2.  The defendant contends the civil action arises under federal law because the proposed Third Amended Petition "alleges, in part, violations under 'Amendment XIV of the United States Constitution' as well as seeking to enjoin the Defendant, a licensee of the [FERC], from enforcing various 'Permit(s) to Construct.'"  **See** *id.*

The plaintiffs move the court to remand the case to the Lincoln County District Court and to order the defendant to pay the actual expenses of $570.00 incurred as a result of the removal.  The plaintiffs argue their Third Amended Petition, when compared to previous pleadings, "does not allege anything in the way of fact or law that impacts upon federal question jurisdiction or any other issues relative to the Defendant's removal [or the instant] motion to remand" and, therefore, there is no subject matter jurisdiction.  Filing No. 6, p. 2.  The plaintiffs also argue that the defendant's notice of removal does not comply with 28 U.S.C. § 1446 and is, therefore, untimely and defective.  The defendant opposes the motion to remand.  The defendant argues the notice of removal is neither untimely nor defective pursuant to 28 U.S.C. § 1446, and that the Third Amended Petition raises a federal question and, therefore, the court has subject matter jurisdiction.

## ANALYSIS

Section 1331 of Title 28 of the United States Code provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Any civil case of which a federal district court would have original jurisdiction based upon the presence of a federal question is removable without regard to the citizenship or residence of the parties.  28 U.S.C. § 1441(a), (b).  The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction.  ***Green v. Ameritrade, Inc.***, 279 F.3d 590, 596 (8th Cir. 2002).  A district court is required to

---

[4] (...continued)
of the defendant's answer to the initial Petition (Pls.' Ex. 2) or the plaintiffs' Amended Petition.

resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. ***Transit Cas. Co. v. Certain Underwriters at Lloyd's of London***, 119 F.3d 619, 625 (8th Cir. 1997); **In re** ***Bus. Men's Assurance Co. of Am.***, 992 F.2d 181, 183 (8th Cir. 1993). Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. ***Shamrock Oil & Gas Corp. v. Sheets***, 313 U.S. 100, 107-09 (1941). "In general, federal courts give considerable deference to a plaintiff's choice of forum." ***Terra Int'l, Inc. v. Miss. Chem. Corp.***, 119 F.3d 688, 695 (8th Cir. 1997).

### A. Federal Question Jurisdiction

> A district court's federal-question jurisdiction . . . extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims.

***Christianson v. Colt Indus. Operating Corp.***, 486 U.S. 800, 808 (1988) (internal quotation marks and citations omitted); **see also** ***Gore v. TWA***, 210 F.3d 944, 948 (8th Cir. 2000) ("the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction") (**citing** ***Caterpillar Inc. v. Williams***, 482 U.S. 386, 392 (1987)). "Congress has long since decided that federal defenses do not provide a basis for removal." ***Gore***, 210 F.3d at 948 (**citing** ***Caterpillar Inc.***, 482 U.S. at 392); **see also** ***Rivet v. Regions Bank***, 522 U.S. 470, 472 (1998) ("Congress has not authorized removal based on a defense or anticipated defense federal in character."). "To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." ***Rivet***, 522 U.S. at 475 (**quoting** ***Gully v. First Nat. Bank in Meridian***, 299 U.S. 109 (1936)).

Contrary to the defendant's arguments, none of the three Causes of Action alleged by the plaintiffs, whether asserted in the initial Petition or in the Third Amended Petition, are

sufficient to constitute a "civil action[ ] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Cause of Action asserted in the initial Petition is repeated in the Third Amended Petition, together with two additional Causes of Action. In each of the three Causes of Action, the plaintiffs advance the same theories for relief from three different types of conduct by the defendant: the First Cause of Action involves the defendant implementing new permitting procedures with regard to changes to property below the freeboard line; the Second Cause of Action involves the defendant implementing new permitting procedures with regard to changes to property between the freeboard line and the shoreline; and the Third Cause of Action involves the defendant implementing new permitting procedures with regard to changes to property above the freeboard line.

The theories for relief advanced by the plaintiffs as to each Cause of Action are: (1) the new permitting procedure under consideration, in its entirety, constitutes "such burdens, liabilities, and obligations of the sublessees of the Plaintiffs herein, if so imposed, as to interfere with the implied covenant of quiet enjoyment of the Plaintiffs' sublessees in the leased premises," Filing No. 1, p. 8, ¶ 13, and Pls.' Ex. 2 at ¶ 13; (2) specific, identified terms and provisions of the new permitting procedure under consideration "constitute such burdens, liabilities, and obligations of the sublessees of the Plaintiffs herein as to so constitute such breach or default by the defendant herein of the implied covenant of quiet enjoyment of the sublessees in the leased premises," Filing No. 1, p. 8, ¶ 14, and Pls.' Ex. 2 at ¶ 14; (3) enforcement of the new permitting procedure under consideration "affect[s] a tortious waste and conversion of the improvements and property of the Plaintiffs' sublessees," Filing No. 1, p. 9, ¶ 17, and Pls.' Ex. 2 at ¶ 17; (4) the doctrines of laches and equitable estoppel prohibit the defendant from implementing the new permitting procedure under consideration, Filing No. 1, p. 9, ¶ 18, and Pls.' Ex. 2 at ¶ 18; and (5) the new permitting procedure under consideration violates the Constitutions of the United States and the State of Nebraska by unlawfully taking or damaging the property interests of the plaintiffs, by unlawfully depriving the plaintiffs of property without due process of law, and by creating a discrimination between citizens in respect to acquisition, ownership, possession, and enjoyment of property, Filing No. 1, p. 9, ¶ 19, and Pls.' Ex. 2 at ¶ 19.

In order to be a "civil action[ ] arising under the Constitution, laws, or treaties of the United States," federal law must be "essential" to each alternative theory for relief. **Christianson**, 486 U.S. at 810. Review of the five theories for relief advanced by the plaintiffs demonstrates that only one theory relies upon federal law—the unlawful taking of the plaintiffs' and sublessees' property interests, and the unlawful deprivation of the plaintiffs and sublessees of their property interests without due process. And even in this theory, federal law is not "essential" because the plaintiffs also allege such theory under the Constitution of the State of Nebraska. **Accord *Colonial Golf & Country Club, Inc. v. City of Harahan***, 2004 U.S. Dist. LEXIS 16890 (D. La. 2004) (ordering remand where state law claims predominated, the plaintiff's takings claim was based solely on the Constitution of the State of Louisiana, and the reference to the Fifth Amendment of the United States Constitution was "a cursory one in the prayer for relief . . . merely collateral or incidental"). Therefore, under the well-pleaded complaint rule, the undersigned magistrate judge finds neither the initial Petition, nor the Third Amended Petition, provide the court with original jurisdiction over this case.

In the alternative, the defendant argues the court has federal question jurisdiction under the artful pleading doctrine because the "recently-enacted 'Permitting Procedures' [challenged by the plaintiffs in this case] are mandated by [the defendant's] license issued by the [FERC]." Filing No. 9, p. 6-7. The court finds this argument meritless. The defendant states that the "recently-enacted 'Permitting Procedures' . . . are mandated by its license issued by the [FERC]." ***Id.*** The defendant states this bald legal conclusion without providing the court any authority or any evidence to support it. The defendant does not cite to the court the statutory authority for the FERC's granting the defendant its license, nor the statutory authority requiring the permitting procedures challenged in the instant action. Nor does the defendant provide to the court evidence from which such information might be gleaned, such as a copy of the license issued to the defendant by the FERC.

The United States Supreme Court has explained that even if a federal question does not appear on the face of the plaintiff's complaint, the artful pleading doctrine allows a federal court to properly exercise its jurisdiction over causes of action where the state-law claims are "completely preempted" by federal statute. ***Rivet***, 522 U.S. at 475-76.

> [A] state claim may be removed to federal court in only two circumstances—when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.

***Beneficial Nat'l Bank v. Anderson***, 539 U.S. 1, 8 (2003); **cf., e.g.,** ***Aetna Health Inc. v. Davila***, 542 U.S. 200 (2004) (holding the Employee Retirement Income Security Act of 1974 completely preempts state laws regarding employee benefit plan regulation). The defendant identifies no federal statute "completely preempting" the state law claims in the initial Petition or in the Third Amended Petition. As discussed above, the defendant does not present the court with any evidence or any legal authority for the proposition that the specific state claims advanced by the plaintiffs are identifiable federal claims. The undersigned magistrate judge finds the defendant, seeking removal to this court, did not meet its burden of establishing the court has original jurisdiction over this case. **See** *Green*, 279 F.3d at 596.

Jurisdiction does not appear proper in United States District Court. Therefore, the undersigned magistrate judge recommends the plaintiffs' motion to remand be granted.

**B.   Procedure for Removal**

Section 1446 of Title 28 of the United States Code provides the procedure for removing a civil action. To properly remove, a defendant must comply with subsection (a) of § 1446 requiring the defendant to file a notice of removal, that is a short and plain statement of the grounds of removal, to be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, "together with a copy of all process, pleadings, and orders served upon such defendant" in the case. 28 U.S.C. § 1446(a). Subsection (b) of § 1446 provides the deadlines by which a notice of removal of a civil action must be filed with a federal district court. 28 U.S.C. § 1446(b). Paragraph 2 of § 1446(b) provides the deadline by which a notice of removal must be filed when a ground for removal only becomes apparent in an amended pleading—that is "within thirty days after receipt by the defendant, through service of process or otherwise, of the copy of the amended pleading . . . from which it may **first** be

ascertained that **the case** is one which is or has become removable. . . ." 28 U.S.C. § 1446(b), para. 2 (emphasis added); **cf.** 28 U.S.C. § 1446(b), para. 1 (providing the deadline for removing cases which can be discerned removable from the initial pleading).

The undersigned magistrate judge finds the Notice of Removal untimely. The defendant argues it is entitled to rely upon the second paragraph of § 1446(b) because the alleged federal question appears in the Third Amended Petition. The second paragraph of § 1446(b) specifically provides that it applies only when a federal question **first** appears in an amended petition. In this case, the federal question alleged by the defendant was pled in the *initial* Petition filed by the plaintiffs, to wit:

> 19.    The actions of the Defendant constitute an unlawful taking or damage of the property interests of the Plaintiffs and their sublessees, contrary to the rights of the Plaintiffs and their sublessees under Amendment V of the United States Constitution and the Nebraska Constitution Article 1 Section 21; constitute an unlawful deprivation of property of the Plaintiffs and their sublessees without due process of law, contrary to the rights of the Plaintiffs and their sublessees under said Amendments to said Constitutions; Nebraska Constitution Article 1, Section 25 by creating a discrimination between citizens in respect to acquisition, ownership, possession, and enjoyment of property. The violations of the United States Constitution are done by the Defendant under color of state law and authority, and in consequence thereof, Plaintiffs and Plaintiffs' sublessees are entitled to recovery of attorney's fees, costs, and punitive damages.

Pls.' Ex. 2, p. 5-6. In fact, all of the sections of the Third Amended Petition cited by the defendant in Part II of its brief to support the court's finding a federal question at issue in this case were sections that first appeared in the initial Petition. **Compare** Filing No. 1, p. 7; Filing No. 1, p. 8; Filing No. 1, p. 9; Filing No. 1, p. 12 **with** Pls.' Ex. 2, p. 3; Pls.' Ex. 2, p. 4; Pls.' Ex. 2, p. 5-6; Pls.' Ex. 2, p. 6-7. Therefore, it is paragraph 1 of § 1446(b)—and not paragraph 2—which provides the deadline by which the defendant must have attempted to remove the present action.

Paragraph 1 of § 1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b), para. 1.  Neither party provides the court with the date the defendant "received" a copy of the initial pleading.[5]  Because the defendant's brief uses the filing date as the service date in arguing its removal of this case is timely, the court will assume the defendant received the initial Petition on the day the initial Petition was filed.  The plaintiffs state in their brief that they filed their initial petition in this case on June 28, 2000.[6]  Filing No. 6, p. 1.  Therefore, pursuant to § 1446(b), paragraph 1, the defendant had through July 28, 2000, in which to file a notice of removal.  When the defendant filed its notice of removal on July 13, 2005, such notice of removal was nearly five years out of time.  A removing parties' failure to meet the deadlines for removing set in § 1446(b) is sufficient to remand a case to state court.  **Neal v. Wilson**, 112 F.3d 351, 354-55 (8th Cir. 1997) (finding a defendant's notice of removal untimely "by a factor of months").  Strictly construing the removal statute, as the court must, the undersigned magistrate judge recommends the case be remanded because the notice of removal was filed out of time.

---

[5] Neither party provides the court with the proof of service indicating when the defendant received a copy of the initial pleading.  Section 1446(a) of Title 28 of the United States Code required the defendant to attach to its notice of removal a copy of all process and pleadings in the action.  The defendant did not do so.  Moreover, the initial Petition provided to the court as Plaintiffs' Exhibit 2 does not have a dated or executed proof of service.

[6] Plaintiffs offered as Exhibit 2 an unfiled and unexecuted copy of its initial Petition.  Pls.' Ex. 2.  The court notes that nowhere in the record is there evidence the initial Petition in this case was ever filed, let alone filed on June 28, 2000.  The plaintiffs should have supported such factual assertion with evidence.  NECivR 7.1(a)(2)(A) (requiring every factual assertion in a brief supporting a motion to be supported by evidence).

**C.     Actual Expenses Incurred as a Result of the Removal**

The plaintiff also moves the court to order the defendant to compensate the plaintiffs for actual expenses incurred in the plaintiffs' counsel's preparation of the motion to remand. The defendant made no legal argument in opposition to this aspect of the plaintiffs' motion. The United States Court of Appeals for the Eighth Circuit has held a federal district court has "considerable discretion in awarding attorney's fees" pursuant to 28 U.S.C. § 1447(c). ***Wells Fargo Bank West, N.A. v. Burns***, 100 Fed. Appx. 599, 599 (8th Cir. 2004) (approving of award of attorney's fees where removal was untimely and the district court lacked subject matter jurisdiction) (**citing *Hart v. Wal-Mart Stores Inc. Associates' Health and Welfare Plan***, 360 F.3d 674, 677 (7th Cir. 2004); ***Sirotzky v. New York Stock Exch.***, 347 F.3d 985, 987 (7th Cir. 2003)) (per curiam) (unpublished). Prior to 1988, 28 U.S.C. § 1447(c) required the court to determine the defendant had removed the case "improvidently and without jurisdiction" in order to award costs to the plaintiff. **See *Johnson v. Showers***, 747 F.2d 1228, 1229 (8th Cir. 1984) (quoting 28 U.S.C. § 1447(c) (1964)). The current version of § 1447(c) does not require such finding, and indicates only that the district court "may" order the payment of "just costs and any actual expenses, including attorney's fees."

> [A]lthough the statute does not set forth criteria for the exercise of this authority, the cases are pretty much at one in holding that the plaintiff must show that the remand order was correct (that is, that removal was improper), but need not show that the removal was in bad faith, and that the district court has a broad discretion in deciding whether to award fees.

***Sirotzky***, 347 F.3d at 987 (citing cases). The opinions of the United States Court of Appeals for the Seventh Circuit cited by the Eighth Circuit Court of Appeals in ***Wells Fargo Bank West, N.A.*** further hold that "[i]f removal is found to be improper, the plaintiff is presumptively entitled to an award of fees." ***Hart***, 360 F.3d at 678; ***Sirotzky***, 347 F.3d at 987 (holding "that, provided removal was improper, the plaintiff is presumptively entitled to an award of fees, as under standard feeshifting statutes").

The undersigned magistrate judge need not determine whether the plaintiffs in this case are "presumptively" entitled to an award of fees to recommend the defendant be

assessed costs for removing this action. The defendant in this case did not follow the procedure in 28 U.S.C. § 1446(b), as discussed *supra*, such that the notice of removal was filed nearly five years out of time, making remand appropriate. Furthermore, the defendant did not follow the procedure in 28 U.S.C. § 1446(a) requiring the filing with its notice of removal a copy of all process, pleadings, and orders served on the defendant or NECivR 7.1(b)(2)(A) requiring every factual assertion in an opposition brief to be supported by evidence. Certain of such documents and facts were necessary to determine whether the defendant's notice of removal was timely filed. **See** 28 U.S.C. § 1446(b). Finally, the defendant removed the instant case despite this court lacking original jurisdiction.

The plaintiffs attached to Filing No. 7 a statement (the Statement) indicating the plaintiffs incurred $570.00 in actual expenses in the form of attorney fees as a result of the removal. The plaintiffs also attached an affidavit of plaintiffs' counsel attesting that the Statement accurately reflects only the time spent by counsel in preparing the plaintiffs' motion to remand, and that the counsel's hourly rate is fair and reasonable. Pls.' Ex. 5. The defendant did not contest such evidence. Therefore, the undersigned magistrate judge recommends that the defendant be ordered to compensate the plaintiffs for their actual expenses in the amount of $570.00.

Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiffs' Motion to Remand per 28 U.S.C. § 1447 and Memorandum Brief in Support Thereof (Filing No.6) be granted and actual expenses in the amount of $570.00 be assessed against the defendant.

### ADMONITION

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection.

Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 11th day of October, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge